**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

No. 06-1169

———————

JENNET SENGE NDOLE DISUE,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

———————

On Petition for Review of an Order of the Board of Immigration
Appeals.  (A95-889-047)

———————

Submitted:  October 25, 2006        Decided:  December 19, 2006

———————

Before WILKINSON, MICHAEL, and KING, Circuit Judges.

———————

Petition denied by unpublished per curiam opinion.

———————

Robert L. Oswald, NOTO & OSWALD, Employment Law Group, P.C.,
Washington, D.C., for Petitioner.  Peter D. Keisler, Assistant
Attorney General, James E. Grimes, Senior Litigation Counsel,
Angela N. Liang, Office of Immigration Litigation, Civil Division,
UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for
Respondent.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jennet Senge Ndole Disue, a native and citizen of Cameroon, petitions for review of an order of the Board of Immigration Appeals (Board) affirming the immigration judge's denial of her requests for asylum, withholding of removal, and protection under the Convention Against Torture.[*] Ndole Disue challenges the Board's finding that her testimony was not credible and that she otherwise failed to meet her burden of proof to qualify for asylum. We will uphold a negative credibility determination if it is supported by substantial evidence, see Tewabe v. Gonzales, 446 F.3d 533, 538 (4th Cir. 2006), and reverse the Board's decision only if the evidence "was so compelling that no reasonable fact finder could fail to find the requisite fear of persecution." Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (internal quotations and citations omitted).

We have reviewed the administrative record and the Board's decision and find that substantial evidence supports the adverse credibility finding and the ruling that Ndole Disue failed to establish past persecution or a well-founded fear of future persecution as necessary to establish eligibility for asylum. See 8 C.F.R. § 1208.13(a) (2006) (stating that the burden of proof is

---

[*]Ndole Disue does not challenge on appeal the denial of protection under the Convention Against Torture. We therefore find that she has waived appellate review of this claim. See Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999).

on the alien to establish eligibility for asylum); <u>INS v. Elias-Zacarias</u>, 502 U.S. 478, 483 (1992) (same). Similarly, because Ndole Disue does not qualify for asylum, she is ineligible for withholding of removal. <u>See</u> <u>Camara v. Ashcroft</u>, 378 F.3d 361, 367 (4th Cir. 2004).

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>